# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER SPENCE, on behalf of himself and all others similarly situated, | CASE NO.  C 06-2169 MHP |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER RE: CASE MANAGEMENT |
| vs. | |
| UBISOFT, INC., | |
| Defendant. | |

WHEREAS, the related actions *Spence v. Ubisoft, Inc., C 06-2169 MHP* and *Lerg v. Ubisoft, Inc., 06-03802 JSW* pending in this District; and,

WHEREAS, counsel for the plaintiffs have each concluded that it in the best interests of the respective parties and absent putative class members that the *Lerg* action be transferred and consolidated with the *Spence* action for all purposes and proceed as contemplated herein; and,

WHEREAS, all served parties, through their respective counsel, have stipulated to the terms provided herein;

WHEREAS, it is anticipated that additional related actions may be transferred to, removed to or filed in this Court; and,

WHEREAS, the existence of common questions of law and fact in the Actions now pending before this Court, the interests of fair and efficient administration of the Actions and the avoidance of unnecessary duplicative efforts, warrants the consolidation of the Actions, establishment of an organizational structure for plaintiffs' counsel, and the setting of a status conference to discuss, among other things, schedules for the filing of pleadings, motion practice and discovery, and good cause appearing therefor;

1 **IT IS HEREBY ORDERED AS FOLLOWS:**

**I.     CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1.     The Court finds that *Spence v. Ubisoft, Inc., C 06-2169 MHP* (March 24, 2006) and *Lerg v. Ubisoft, Inc., 06-03802 JSW (June 16, 2006)* are related actions pursuant to Civil L.R. 3-12(a) in the that the actions involve substantially the same parties, transactions and events, and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.  Pursuant to Civil L.R. 3-12(f)(3), the Clerk shall reassign the *Lerg* action to this Court, the Hon. Marilyn Hall Patel presiding, and shall notify the parties and the affected Judges accordingly.  This court hereby consolidates the *Spence* and *Lerg* actions and the actions shall be referred to herein as the Consolidated Action.  Each document filed by a party to this litigation shall bear the following caption:

_____

In Re Ubisoft DRM Litigation                    No. C 06 2169 MHP

_____

2.     The terms of this Order shall apply to actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact, subject to the following procedures:

    a.     When such a case is filed in, removed to, or transferred to this Court, the Clerk of the Court shall:

        (1)     place a copy of this Order in the separate file for such action;

        (2)     provide a copy of this Order by mail or electronically pursuant to the local rules to counsel for plaintiff(s) in the newly filed or transferred action and to any defendant(s) in the newly filed or transferred action; and

   (3)  make an appropriate entry on the docket for the Consolidated Action.

  b. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party in such newly-filed or transferred action objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

 3. Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Action. Mailing or other delivery of a copy of this Order by Defendants' counsel or Plaintiffs' Co-Lead Counsel (see II., below), as appropriate, to the counsel in any newly filed or transferred actions shall constitute valid notice thereof for purposes of establishing its applicability to such action in accordance herewith.

 4. A status conference is set for _____ at _____ p.m. The agenda for the status conference shall include a schedule for the filings of pleadings or other motion practice, a discovery plan, a schedule for class certification, the potential for settlement mediation, and such other matters as the parties or the Court deem appropriate.

## II. CONSOLIDATED COMPLAINT AND RESPONSE THERETO

 1. All plaintiffs shall file by July 25, 2006 a consolidated complaint, which shall be the only proposed class complaint to which defendants shall respond.

2. Defendants need not respond to any of the related pending or subsequently filed complaints. Defendants shall answer or otherwise respond to the consolidated complaint within 35 days of the filing of the consolidated complaint. Defendants' response to the consolidated complaint shall be deemed to be their response to any later filed complaint in any action that is thereafter consolidated with this Consolidated Action.

## III. ORGANIZATION OF PLAINTIFFS' COUNSEL

1. Under Federal Rule of Civil Procedure 23(g)(2), *inter alia*, Interim Class Counsel and Plaintiffs' Co-Lead Counsel shall be Kamber & Associates, LLC and Giskan & Solotaroff LLP ( collectively, "Co-Lead Counsel"). Co-Lead Counsel, acting on behalf of plaintiffs, shall have the following duties:

    a. To coordinate all proceedings, including preparing, structuring, and presenting pretrial and other management-related orders;

    b. To encourage full cooperation and efficiency among all counsel;

    c. To create any necessary committees and appoint committee chairs and otherwise delegate responsibilities for specific tasks in a manner to assure that pretrial and trial preparation is conducted effectively, efficiently, and economically;

    d. To delegate work responsibilities and monitor the activities of counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

    e. To act as spokespersons at all court conferences;

    f. To call meetings of themselves and/or other counsel as appropriate or necessary from time to time;

    g. To initiate and conduct settlement negotiations with counsel for the Defendant;

      h.      To determine Plaintiffs' position on all matters arising during this litigation (after such consultation with other counsel as they deem appropriate) and present such position orally and/or in writing to the Court and opposing parties;

      i.      To consult with and employ experts, as necessary;

      j.      To initiate, coordinate and conduct discovery;

      k.      To represent Plaintiffs at trial and on any appeal of this matter;

      l.      To negotiate and execute agreements with local counsel or other cooperating attorneys;

      m.      To submit a fee application on behalf of Plaintiffs' counsel and allocate any fees that may be awarded by the court; and

      n.      To perform such other duties as are necessary in connection with the prosecution of this litigation.

2. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel. All agreements reached with the Co-Lead Counsel shall be binding on all other plaintiffs' counsel in the Consolidated Action.

4. Co-Lead Counsel are hereby designated as the counsel for plaintiffs in the Consolidated Action upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the Consolidated Action shall be served, and defendants shall effect service of papers on plaintiffs in the consolidated Action by serving each of the Co-Lead Counsel.

5. No motion or request for discovery shall be served or filed by plaintiffs, or other pretrial proceedings initiated by plaintiffs, except by or with the authorization of Co-Lead Counsel.

6. The organization structure set forth in this section applies to all plaintiffs' counsel in the Consolidated Action, including any action subsequently governed by this

1  Order.

2      7.    No communications among plaintiffs' counsel shall be taken as a waiver of
3  any privilege or protection to which they would otherwise be entitled.

**IV.    ADMISSION OF ATTORNEYS AND APPEARANCE**

Each attorney acting as counsel for any party herein who is a member in good standing of the bar of any United States District shall be deemed admitted *pro hac vice* before this Court, without further action, upon payment of the admission fee, in connection with these proceedings.

**V.    MODIFICATION OF THIS ORDER**

This Order may be modified, supplemented or superseded by order of the Court or upon any party for good cause shown.

**IT IS SO STIPULATED.**

Dated: June 23, 2006

                        Liner Yankelevitz Sunshine & Regenstreif LLP

                        /s Authorized for Electronic Filing
                        Jonathan S. Kitchen

                        199 Fremont Street, 20th Floor
                        San Francisco, CA 94105-2255
                        Telephone: (415) 489-7700
                        Fax: (415) 489-7701

                        Attorneys for Defendant Ubisoft, Inc.

1  Dated:  June 23, 2006

Kamber & Associates, LLC

/s Electronically Filed By Scott A. Kamber
SCOTT A. KAMBER

19 Fulton Street, Suite 400
New York, New York   10038
Telephone: (877) 773-5469
Facsimile:  (212) 202-6364

Attorneys for Plaintiff Christopher Spence, on behalf of himself and all others similarly situated

GISKAN & SOLOTAROFF

/s Authorized for Electronic Filing
Oren Giskan
207 West 25th St., 4th floor
New York, NY 10001
Telephone: (212) 847-8315

Attorneys for Plaintiff James Lerg, on behalf of himself and all others similarly situated

**IT IS SO ORDERED.**

Dated:___June 27_____, 2006

_____
HONORABLE MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Marilyn H. Patel

Page 7

Stipulation and [Proposed] Order Re: Case Management          Case No. C 06 2169 MHP